## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

PATRICIA A. JOHNSON,

      Plaintiff,

                                        CASE NO.: 6:19-cv-02139

v.

WALT DISNEY PARKS AND RESORTS
U.S., INC.,

      Defendant.

_____

### DEFENDANT WALT DISNEY PARKS
### AND RESORTS U.S. INC.'S NOTICE OF REMOVAL

Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") seeks to remove this case, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, from the Circuit Court for the Ninth Judicial Court in and for Orange County, Florida, Civil Division to the United States District Court for the Middle District of Florida, Orlando Division, because this Court has original federal question and supplemental jurisdiction over the claims.  In support of its notice of removal, WDPR states and alleges the following:

1.      On January 18, 2019, plaintiff Patricia A. Johnson, filed a complaint against WDPR in the Circuit Court for the Ninth Judicial Court in and for Orange County, Florida, Civil Division.  A true and correct copy of plaintiff's Complaint is attached as **Exhibit A** to this Notice.

2.      Plaintiff alleges that she was employed part time at WDPR's Once Upon a Toy Store in Orlando, Florida until she was terminated on or about September 2016.  Exhibit A, Compl. ¶¶ 3, 5 & 20.

3.      Plaintiff asserts claims for:  (1) age and disability discrimination under the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10(1)(a); (2) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-643; and (3)

disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12112(a).

4.     As set forth below, removal of this action is proper because (i) WDPR has

complied with the statutory requirements for removal; (ii) venue is proper in this District; (iii)

the Court has original federal question jurisdiction over the ADEA and ADA claims; and (iv) the

Court has supplemental jurisdiction over the remaining state law claims.

**I.     WDPR Complied with the Statutory Requirements for Removal**

5.     WDPR's removal of this action is timely.  Under 28 U.S.C. § 1446(b), a "notice

of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading."  The 30-day period

runs from the date the complaint was formally served on WDPR.  *See Murphy Bros., Inc. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  WDPR was formally served with a

summons and complaint on October 9, 2019, and this Notice of Removal is filed within 30 days

of that date.

6.     Pursuant to 28 U.S.C. § 1446(a), WDPR is simultaneously filing a copy of all

process, pleadings, and orders in the state court action, which is attached as **Exhibit B**.

7.     Pursuant to 28 U.S.C. § 1446(d), WDPR will provide notice of this removal to

plaintiff through her attorney of record and will file a written notice of this removal with the

Circuit Court for the Ninth Judicial Court in and for Orange County, Florida, Civil Division.

**II.     Venue Is Proper in This District**

8.     Pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), venue lies in, and this case

properly may be removed to, the United States District Court for the Middle District of Florida,

Orlando Division, because plaintiff filed this case in the Circuit Court for the Ninth Judicial

Court in and for Orange County, Florida, which is located within this District.

**III.     This Court Has Original Federal Question Jurisdiction**

9.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."

10.     As set forth below, this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this action is brought under the laws of the United States, and supplemental jurisdiction over state law causes of action under 28 U.S.C. §§ 1367(a) and 1441(c).

### A.     The Complaint Alleges Federal Causes of Action

11.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

12.     Counts III and IV of plaintiff's Complaint allege federal causes of action under the ADEA and ADA for age and disability discrimination, both of which are written into the United States Code.  Exhibit A, Compl. ¶¶ 69-70, 75-76; 29 U.S.C. §§ 621-643; 42 U.S.C. § 12112(a).  Accordingly, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff's ADEA and ADA claims arise under the laws of the United States.  *See e.g.*, *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 772 n.1 (11th Cir. 1999) ("Because [plaintiff's] complaint was based in part on the federal Americans with Disabilities Act, the lawsuit raised a federal question, and removal pursuant to 28 U.S.C. § 1441 was therefore proper."); *Quitto v. Bay Colony Golf Club, Inc.*, No. 2:06-cv-286, 2006 WL 2598705, at *2 (M.D. Fla. Sept. 11, 2006) ("The Court clearly has jurisdiction over the federal statutory claims.").

### B.     Related State Law Claims Are within the Court's Supplemental Jurisdiction

13.     Pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction over the remaining state law claims because those claims arise out of the same operative facts as plaintiff's ADEA and ADA claims -- claims within the original jurisdiction of the Court -- such that they "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  For example, the allegations relating to

plaintiff's age and disability discrimination claims under the FCRA (Counts I and II) are incorporated in, or substantially similar to, the allegations set forth in her age and disability discrimination claims under the ADEA and ADA (Counts III and IV).  In short, plaintiff's FCRA claims arise out of the same underlying set of facts -- the alleged denial of accommodations and subsequent termination of plaintiff's employment -- as her claims under the ADEA and ADA.

14.     None of the discretionary exceptions to this Court's exercise of supplemental jurisdiction enumerated in 28 U.S.C. § 1367(c) are present in this case.

## IV.     <u>Removal Is Proper</u>

15.     In light of the foregoing, this action may be removed to this Court in accordance with 28 U.S.C. § 1441 because: (i) this action is pending within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division; (ii) this action is brought under the laws of the United States; and (iii) the related state law claims are within the Court's supplemental jurisdiction.

16.     This action is therefore properly removed to this Court from the Circuit Court for the Ninth Judicial Court in and for Orange County, Florida.

## V.     <u>Reservation of Rights</u>

17.     Nothing in this notice of removal is intended to waive any defense or affirmative right that WDPR has or may have against plaintiff or any of the allegations set forth in her Complaint.

18.     If any question should arise concerning the propriety of the removal of this action, WDPR requests the opportunity to brief and otherwise address any disputed question that this action is removable.

## VI.     <u>Conclusion</u>

19.     For all of the foregoing reasons, WDPR removes this action from the Circuit Court for the Ninth Judicial Court in and for Orange County, Florida.

4

Dated:  November 8, 2019

By:      /s/ Lauren H. Evans
Lauren H. Evans
Florida Bar No. 125671
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, N.W.
Washington, D.C. 20001-1531
T: 202.756.8000 | F: 202.756.8087
*levans@mwe.com*

*Trial Counsel for Defendant Walt Disney*
*Parks and Resorts U.S., Inc.*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **November 8, 2019,** a copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system, which will automatically send a Notice of Electronic Filing to the parties listed on the Service List below.

/s/ Lauren H. Evans

## SERVICE LIST

**Richard S. Larson**
RICK LARSON LAW
310 South Dillard Street
Suite 100
Winter Garden, Florida 34787
Tel:     407-877-7115
Fax:     407-877-6970
ricklarsonlaw@gmail.com

**Ronald W. Sikes**
SIKES LAW GROUP, PLLC
310 South Dillard Street
Suite 120
Winter Garden, FL 34787
Tel:     407-877-7115
Fax:     407-877-6970
rsikes@sikeslawgroup.com
mrosales@sikeslawgroup.com
abent@sikeslawgroup.com

*Attorneys for Plaintiff Patricia A. Johnson*