# Exhibit A

IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL COURT
IN FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

PATRICIA A. JOHNSON,

Plaintiff,

v.                                          Civil Action No. _____

WALT DISNEY PARKS AND
RESORTS U.S., INC.
a Florida profit corporation,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA A. JOHNSON, ("Plaintiff"), by and through her undersigned attorneys, hereby sues Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC. ("Defendant"), a Florida profit corporation and alleges as follows:

## FACTS COMMON TO ALL COUNTS

1. This is an employment-related action for violations of the Plaintiff's civil rights by her employer, Defendant, under the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes, *et seq.* ("FCRA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 to 29 U.S.C. § 634 ("ADEA") and the Americans with Disabilities Act, 42 U.S.C. § 12011 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA").

2. Defendant, as Plaintiff's employer, engaged in unlawful workplace discriminatory employment practices on the basis of disability and age in violation of the FCRA, the ADEA and the ADA as amended, all as more fully set forth herein.

3. Plaintiff was hired by Defendant on or about May 29, 2015 as a part-time Retail

1

Cast Member.

4. At the time Plaintiff was hired by Defendant, Plaintiff suffered from a preexisting disability as the result of an automobile accident.

5. Defendant assigned Plaintiff to perform her work-related duties at the Once Upon a Toy Store, a retail establishment, located on Defendant's property.

6. Plaintiff began her employment with Defendant on or about June 2015.

7. On scheduled work days, Plaintiff drove her automobile from her home to Defendant's property where she parked in parking lot that Defendant had assigned to her, which was approximately one mile from Plaintiff's assigned work location.

8. On scheduled work days, after Plaintiff had parked her automobile in said parking lot, Plaintiff proceeded to walk to her assigned work location as Defendant provided no transportation for Plaintiff from said parking location to Plaintiff's assigned work location.

9. After completing her scheduled working shift, Plaintiff then walked back to said parking lot location to get her car to begin the drive home.

10. Plaintiff followed the same pattern as described in paragraphs 6, 7 and 8, above, each day that she day that she worked on Defendant's property at the Once Upon a Toy Store.

11. Plaintiff soon experienced the walking and standing to and from the parking lot location, causing her right leg to become painful and numb.

12. Plaintiff reported her medical condition to Defendant's store management where Plaintiff worked and asked for reasonable workplace accommodation due to her medical condition that was painful due to her long walk and standing to and from her assigned store location.

13. Plaintiff reported her medical condition to Defendant's Health Services

Department asking for reasonable accommodation due to her medical condition that was painful to her due to her long walk to and from her assigned work location.

14. Defendant's Health Services Department provided Plaintiff with a Medical Accommodation in Employment Form for Plaintiff's doctor to complete.

15. Plaintiff's doctor completed said Medical Accommodation Form requesting reasonable accommodation to support Plaintiff's workplace needs.

16. Defendant did not provide Plaintiff with reasonable accommodation, causing Plaintiff to continue to experience pain and numbness in her right leg each work day that she walked to and from her work location from her assigned parking lot.

17. In or about August 2015, Defendant's Accommodation Manager advised Plaintiff that Defendant was placing Plaintiff on medical leave, although Plaintiff had not requested medical leave, only that Defendant provide reasonable accommodation to lessen the walking and standing time caused by the distance between her assigned parking location and her assigned work location.

18. In or about August 2015, Plaintiff's Accommodation Manager promised Plaintiff that Defendant would provide reasonable accommodation by offering to find Plaintiff employment at another work location that did not require prolonged walking and standing, but Defendant neither found nor offered Plaintiff such accommodation.

19. In subsequent months, Plaintiff advised Defendant's Accommodations Manager of jobs on Defendant's property that Plaintiff was willing to accept as such roles appeared to pose no issues of accommodation, yet such roles were not offered to Plaintiff by Defendant, Defendant's Accommodation Manager or any other agent(s) of Defendant.

20. On or about September 2016, Defendant terminated Plaintiff's employment with

Defendant, having never offered reasonable accommodation requested by Plaintiff.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over these claims because Plaintiff was discriminated against by Defendant in violation of the FCRA, the ADEA and the ADA as amended, by Defendant and seeks damages of more than $15,000, and all administrative prerequisites and conditions precedent have been exhausted and complied with.

22. Venue is proper as at all relevant times herein as Plaintiff was employed by Defendant whose corporate address is 1375 Buena Vista Drive, 4th Floor North, Orange County, FL 32830 and Defendant owns and operates the work location known as the Once Upon a Toy Store retail operation whose address is 1375 East Buena Vista Drive, Orlando, Orange County, FL 32821, both addresses of which are located within Orange County Florida.

23. At all times material to this action, Plaintiff was an adult female more than 40 years of age residing in Winter Garden, Florida, and was an employee of Defendant pursuant to the terms of all applicable statues and the Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

24. At all times material to this action, Defendant was a covered employer required to comply with the requirements of all applicable statutes described in Paragraph 1.hereof in Defendant's employment of Plaintiff.

25. At all material times to this action, Plaintiff was a qualified employee for the protections and rights afforded by the applicable statutes described in Paragraph 1 hereof in Plaintiff's employment by Defendant as Defendant was a covered employer having more than several thousand employees at all relevant times herein.

4

26. At all material times related to Plaintiff's ADA and FCHR disability-related allegations, Plaintiff was a qualified employee eligible for protected reasonable workplace accommodation as Plaintiff suffered from a known handicap and disability that interfered with her ability to work.

27. At all material times related to Plaintiff's FCHR and ADEA age-related allegations, Plaintiff was an adult female more than 40 years of age and qualified for FCHR and ADEA benefits and protections.

28. At all times material to this action, Defendant was a covered employer entity under the FCHR, the ADEA and the ADA as amended and had several thousand employees.

## ADMINISTRATIVE PROCEEDINGS

29. Prior to filing this action, Plaintiff filed for administrative relief by filing for administrative remedy before the Florida Commission on Human Relations ("FCHR") which referred the matter to the U.S. Equal Employment Opportunity Commission ("EEOC").

30. On or about October 22, 2018 the EEOC issued the Dismissal and Notice of Rights letter to Plaintiff, a copy of which is attached hereto as Exhibit A.

31. Plaintiff has performed all conditions precedent required for the filing of this action and for pursuit of claims for judicial relief under the FCRA. the ADA and the ADEA.

## GENERAL ALLEGATIONS

32. Plaintiff was at all relevant time herein an adult female more than 40 year of age.

33. Plaintiff was hired by Defendant on or about May 29, 2015, as a Retail Cast Member (employee) on a part-time basis.

34. Defendant assigned Plaintiff to the Once Upon a Toy Store retail venue.

35. Defendant assigned Plaintiff to a parking lot approximately one mile from said

work location.

36. Defendant did not provide Plaintiff with transportation from said parking lot to and from said assigned work location.

37. As the time Plaintiff was hired, she suffered a disability from a prior automobile accident and at times experienced difficulty in standing and walking for prolonged periods of time.

38. Plaintiff began the initial new hire onboarding process with Defendant on or about June 20, 2015.

39. Plaintiff noticed pain and numbness in her right leg caused by the walk to and from her assigned work location.

40. Plaintiff advised the store manager, Defendant's agent, at Plaintiff's assigned work location of her medical issue and need for reasonable accommodation to reduce the length of time Plaintiff was standing and walking to and from her work location.

41. Said store manager did not accommodate Plaintiff's request for reasonable accommodation.

42. Plaintiff advised Defendant's Health Services Department that she was an older woman in need of reasonable workplace accommodation due to the difficulty Plaintiff was experiencing in walking from her assigned parking to her assigned work location and then back to her automobile after completing her work shift.

43. Said Health Services Department provided Plaintiff with a Request for Medical Accommodation in Employment form for Plaintiff's doctor to complete in order to support Plaintiff's request for reasonable workplace accommodation.

44. On or about July 13, 2015, Plaintiff's doctor prepared said form and returned

6

said form to said Health Services Department in a timely manner.

45. Neither Defendant nor Defendant's agents provided Plaintiff with reasonable accommodation following Plaintiff's requests for reasonable accommodation and continued to schedule Plaintiff to work for the six weeks following the request of Plaintiff's doctor for reasonable accommodation.

46. Plaintiff continued to experience pain, numbness and suffering each day that she walked to and from her work location

47. On or about August 25, 2015, Plaintiff was contacted by Defendant's Accommodation Manager and agent of Defendant, located in Anaheim, California, who advised Plaintiff that she was no longer to report to the Once Upon a Toy Store retail work location as Defendant was placing Plaintiff on medical leave.

48. Plaintiff advised said Accommodation Manager that Plaintiff did not want medical leave as she sought to continue to work for Defendant with reasonable accommodation that would alleviate physical pain and suffering.

49. Said Accommodation Manager did not provide Plaintiff with the requested reasonable accommodation so that Plaintiff would be able to continue to work for Defendant.

50. Plaintiff sought to transfer to other of Defendant's work locations that appeared to provide nearby automobile parking that would have alleviated the need for lengthy walking and standing to and from work.

51. Defendant and Defendant's agents refused to transfer Plaintiff to another work location that would have better accommodated Plaintiff's needs.

52. As Defendant had placed Plaintiff on involuntary medical leave, and refused

Plaintiff reasonable accommodation at her assigned work location, and refused to transfer Plaintiff to another work location, Plaintiff suffered anxiety, loss of income and employment-related benefits.

53. On or about September 23, 2016, Plaintiff learned that her employment had been terminated by Defendant without her knowledge or consent.

54. Based upon information and belief, Defendant customarily provides reasonable workplace accommodation to employees younger than 40 years of age.

## COUNT I

### UNLAWFUL HANDICAP DISCRIMINATION UNDER THE FCRA

55. Plaintiff re-alleges paragraphs 1 through 53 as if fully set forth herein.

56. The Florida Civil Rights Act of 1992, § 760.10(1)(a), Florida Statutes, provides:

> It is an unlawful employment practice for an employer to discharge or fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, *handicap* or marital status. (Emphasis added.)

57. The actions of Defendant as detailed above are in violation of the FCRA in that the Defendant unlawfully discriminated against Plaintiff because of Plaintiff's handicap that was known to Defendant.

58. Plaintiff sought reasonable workplace accommodation from Defendant in order to alleviate pain and suffering caused by Plaintiff standing and walking for a considerable length of time while she walked to and from her assigned work location.

59. Plaintiff was able to perform the essential functions of her assigned duties with reasonable workplace accommodation to alleviate her handicap.

8

60. Defendant denied Plaintiff's repeated requests for reasonable accommodation.

61. As a result of the foregoing, Plaintiff has suffered damages in excess of $15,000.00.

WHEREFORE, Plaintiff demands that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages, including damages for harmed reputation and emotional and mental suffering; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## COUNT II

### UNLAWFUL AGE DISCRIMINATION UNDER THE FCRA

62. Plaintiff re-alleges paragraphs 1 through 53 as if fully set forth herein.

63. The Florida Civil Rights Act of 1992, § 760.10(1)(a), Florida Statutes, provides:

> It is an unlawful employment practice for an employer to discharge or fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, *age*, handicap or marital status. (Emphasis added.)

64. The actions of Defendant as detailed above are in violation of the FCRA in that the Defendant unlawfully discriminated against Plaintiff because of Plaintiff's age that was known to Defendant per Plaintiff's appearance and self-disclosure on employment-related materials.

65. Plaintiff sought reasonable workplace accommodation from Defendant in order

to alleviate pain and suffering caused by Plaintiff's standing and walking for a considerable length of time while she walked to and from her assigned work location.

66. Upon information and belief, Defendant routinely provides reasonable workplace accommodations to employees younger than Plaintiff, yet Plaintiff's request for reasonable workplace accommodation was unreasonably denied by Defendant because of Plaintiff's age.

67. As a result of the foregoing, Plaintiff has suffered damages in excess of $15,000.00.

WHEREFORE, Plaintiff demands that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages, including damages for harmed reputation and emotional and mental suffering; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## COUNT III

### UNLAWFUL AGE DISCRIMINATION UNDER THE ADEA

68. Plaintiff re-alleges paragraphs 1 through 53 as if fully set forth herein.

69. The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. SS 621 to 29 U.S.C.,,Section 643, forbids employment discrimination against anyone at least 40 years of age in the United States (see U.S.C. SS 631). It states it shall be unlawful for an employer:

> (1) to fail to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to any individual of employment opportunities or

>otherwise adversely affect his status as an employee, because of the individual's age.

70. The actions of Defendant as detailed above are in violation of the ADEA in that the Defendant unlawfully discriminated against Plaintiff because of Plaintiff's age that was known to Defendant per Plaintiff's appearance and self-disclosure.

71. The actions of Defendant as detailed above are in violation of the ADEA as younger employees of Defendant are routinely granted their reasonable requests for workplace accommodation.

72. Upon information and belief, Defendant routinely provides reasonable workplace accommodations to employees younger than Plaintiff, yet Plaintiff's request for reasonable workplace accommodation was unreasonably denied because of Plaintiff's age.

73. As a result of the foregoing, Plaintiff has suffered damages in excess of $15,000.00.

>WHEREFORE, Plaintiff demands that judgment be entered in Plaintiff's favor and against Defendant and that the Court award: back pay; front pay; compensatory damages, including damages for harmed reputation and emotional and mental suffering; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## COUNT IV

## UNLAWFUL DISABILITY DISCRIMINATION UNDER THE ADA

74. Plaintiff re-alleges and incorporates paragraphs 1 through 64 as if fully set forth herein.

75. The actions of Defendant, as detailed above, are a violation of the ADA in that

11

Defendant engaged in unlawful workplace discrimination against the Plaintiff on the basis of disability known to Defendant.

76. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides:

> It is an unlawful employment practice for an employer to discharge or fail or refuse to hire any individual, or otherwise to discriminate against a qualified individual on the basis of disability.

77. At all times relevant herein Defendant had 15 or more employees and was a covered employer under the ADA.

78. At all times relevant herein Plaintiff was an employee of Defendant and qualified for the protections of the ADA.

79. At all relevant times herein, with reasonable workplace accommodation, Plaintiff would have been able to perform the essential job functions for which she had been hired by Defendant.

80. At all relevant times herein, Plaintiff suffered one or more physical disabilities including, but not limited to, impairments to one or more major life activity including, but not limited to standing and walking, such that said physical impairments interfered with Plaintiff's ability to conduct the essential functions of her employment-related responsibilities without experiencing pain, numbness and suffering.

81. At all relevant times herein, Plaintiff asked Defendant for reasonable workplace accommodation so that Plaintiff would be able to perform the essential duties of her job without pain, numbness and suffering.

82. At all relevant times herein, Defendant denied Plaintiff's reasonable requests for workplace accommodation.

83. At all times relevant herein, Defendant denied Plaintiff's requests for job

12

transfer.

84. At all times relevant herein, Defendant place Plaintiff on unwanted medical leave.

85. At all times relevant herein, Defendant maintained a stated policy and practice of providing qualified employees with disabilities with reasonable workplace accommodation.

86. Defendant's other similarly situated employees in need of reasonable workplace accommodation were provided accommodation by Defendant while Defendant acted is a discriminatory manner against Plaintiff by denying Plaintiff's reasonable requests for workplace accommodation.

87. Defendant terminated Plaintiff's employment in a discriminatory manner after denying Plaintiff's repeated requests for reasonable workplace accommodation due to her disability.

88. As a result of the foregoing, Plaintiff has suffered damages in excess of $15,000.00.

89. Plaintiff has retained the services of undersigned counsel and has incurred attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff demands that judgment be entered in Plaintiff's favor and against the Defendant and that the Court award: back pay; front pay; compensatory damages, including damages for harmed reputation and emotional and mental suffering; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all other relief that the Court or the Jury determines to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands Jury Trial of all triable issues raised before the Court.

By:

/s/ Richard S. Larson
RICHARD S. LARSON, ESQUIRE
Florida Bar No.: 0962961
RICK LARSON LAW
310 South Dillard Street, Suite 100
Winter Garden, Florida 34787
Telephone: (407) 877-7115
Facsimile No.: (407) 877-6970
Primary Email: ricklarsonlaw@gmail.com
Counsel for Plaintiff

/s/ Ronald W. Sikes
RONALD W. SIKES, ESQUIRE
Florida Bar No.: 231428
SIKES LAW GROUP, PLLC
310 South Dillard Street, Suite 120
Winter Garden, Florida 34787
Telephone: (407) 877-7115
Facsimile No.: (407) 877-6970
Primary Email:rsikes@sikeslawgroup.com
                    abent@sikeslawgroup.com
Secondary: mrosales@sikeslawgroup.com
Co-Counsel for Plaintiff

EEOC Form 161-B (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

**EXHIBIT A**

| To: | Patricia A. Johnson<br>9710 Black Bear Lane<br>Winter Garden, FL 34787 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL** *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2017-00951 | L. Foreshaw,<br>Investigator | (305) 808-1811 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Michael J. Farrell,
District Director

    2 2018

(Date Mailed)

Enclosures(s)

cc:   **WALT DISNEY WORLD CO.**
c/o Susan Moore
Employee Relations
P.O. Box 10000
Lake Buena Vista, FL 32830

Richard S. Larson, Esq.
**RICHARD S. LARSON**
Attorney at Law
310 South Dillard St., Suite 100
Winter Garden, FL 34787