**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA A. JOHNSON,**

    **Plaintiff,**

**v.**                                                                      Case No:  6:19-cv-2139-Orl-31EJK

**WALT DISNEY PARKS & RESORTS**
**U.S., INC.,**

    **Defendant.**

## ORDER

Defendant has moved to dismiss (Doc. 7) the age discrimination claims in Plaintiff's Complaint (Doc. 1-1). Plaintiff opposes the motion. Doc. 11.

In Counts II and III of Plaintiff's Complaint, Plaintiff attempts to allege claims of unlawful age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Florida Civil Rights Act, Florida Statute § 760.10(1)(a) ("FCRA"). In support of these claims, Plaintiff alleges that she is over 40 years old and needed a reasonable workplace accommodation (accessible parking), which was denied to her; and that "based upon information and belief, Defendant customarily provides reasonable workplace accommodation to employees younger than 40 years of age." Doc. 1-1 ¶ 54.

In order to establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must prove that she was (1) a member of a protected class, (2) qualified to do the job, (3) subjected to an adverse employment action, and (4) treated less favorably than a younger, similarly-situated employee.[1] *Horn v. United Parcel Servs., Inc*., 433 F. App'x 788, 792 (11th Cir.

---

[1] The FCRA claim is analyzed under the same framework as the ADEA. *Cardelle v.*

2011). Here, prongs 1 and 2 are not at issue. Plaintiff claims that prong 3 is satisfied because Plaintiff's employment was terminated in 2016. Doc. 11 at 6. However, there are no allegations in the Complaint that aver or even imply that Plaintiff's termination was the result of age discrimination. Rather, Plaintiff simply claims that while her request for accommodation was denied, younger employees got certain unspecified accommodations. We are left to infer, without any factual basis, that this somehow relates to Plaintiff's termination. This is the sort of implausible pleading that fails to meet the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, Plaintiff has failed to state viable claims for age discrimination, and it is

**ORDERED** that Defendant's motion is **GRANTED**. Counts II and III of Plaintiff's Complaint are **DISMISSED** without prejudice. If Plaintiff wishes to file an Amended Complaint, she must do so by February 15, 2020.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 28, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

*Miami Beach Fraternal Order of Police*, 593 Fed. App'x 898, 901 n.6 (11th Cir. 2014).