# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PATRICIA A. JOHNSON,

        Plaintiff,

v.                                                    Case No:   6:19-cv-2139-GAP-EJK

WALT DISNEY PARKS & RESORTS
U.S., INC.,

        Defendant.

_____

## ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 37). In ruling on this Motion, the Court considered Plaintiff's Response in Opposition (Doc. 41) and Defendant's Reply in Support of its Motion (Doc. 42).

## I.      Background[1]

Plaintiff Patricia A. Johnson ("Johnson") sues Walt Disney Parks & Resorts U.S., Inc., ("Disney") for handicap discrimination under the Florida Civil Rights Act (FCRA) and disability discrimination under the Americans with Disabilities

---

[1] The facts stated here are either undisputed or presented in the light most favorable to Plaintiffs as the non-moving parties. *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1430 (11th Cir. 1997).

Act (ADA). Disney owns and operates theme parks and storefronts, including Once Upon a Toy, a retail store in Disney Springs. From April 2014 through 2016, Disney Springs closed all but two parking lots for employees due to construction. Doc. 37-2 ¶¶ 3–4. One of these remaining parking lots was reserved for employees with a "disabled person parking placard." *Id.* ¶ 5.

Disney hired Johnson to work as a part-time merchandise employee at Once Upon a Toy and Johnson began working there on June 20, 2015. *Id.* ¶ 7. Johnson's responsibilities were to "assist guests, operate the register, stock merchandise, sort and organize inventory, and perform light cleaning, which would involve prolonged standing for 2 to 3 hours at a time, multitasking, and working in a very fast-paced environment." *Id.*

Johnson injured her neck in a car accident on October 28, 2014. Doc. 41-2 ¶ 12. An MRI revealed that Johnson suffered from cervical spine injuries. *Id.* ¶ 14–15. Johnson complained that walking to work from the parking lot and standing at her job caused pain and numbness in her right leg that interfered with her ability to walk. *Id.* ¶¶ 21, 23. Johnson has never used or needed an ambulatory aid and has never applied for a disabled parking placard for her vehicle. Doc. 37-14 at 43:5–15, 131:15–19. Johnson submitted a "Physician's Certification for Employee Accommodations Form" to Disney, which stated that she required a fifteen-minute seated break after standing for three hours and a break after walking 100

yards. Doc. 37-2 ¶ 9. The parties agree that this limitation would require Johnson to take a five-minute sitting break for every 1.7 minutes of walking. *See* Doc. 37-14 at 142:4–143:12. This limitation precluded Johnson from performing her work as a merchandise employee and Disney placed Johnson on medical leave starting August 28, 2015. 37-2 ¶ 10.

After Johnson went out on leave, Disney vetted eighteen other jobs to see if she could be reassigned and determined that Johnson could not carry out those job responsibilities with her restrictions. *Id.* ¶ 12. On August 10, 2016, Johnson's chiropractor updated her restrictions to state that Johnson could not walk longer than nine minutes and she needed a five-minute rest for every 400 yards she walked. *Id.* ¶ 11. While Johnson was on leave, she also visited Disney's theme parks 51 times. Doc. 37-14 at 62:5–23; Doc. 37-8. Johnson would spend six to eight hours per visit at the parks and would stand in attraction lines for up to an hour. Doc. 37-14 at 56:13–24; 68:8–12.

Disney permits its employees to take a maximum of twelve consecutive months of medical leave. Doc. 37-9. Disney sent Johnson a letter on September 1, 2016 advising that she had exceeded the maximum and she would be terminated on September 21, 2016 if she was unable to return to work. Doc. 37-2 ¶ 15. Johnson did not respond to the letter and was terminated on September 22, 2016. *Id.* ¶¶ 16–17.

Johnson asserts in Counts I and IV of her Amended Complaint that her termination violated the FCRA and ADA.[2]  Disney now seeks summary judgment on all counts.

## II.   Legal Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458–59 (11th Cir. 1994).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden

---

[2]  The Court dismissed Counts II and III of the Amended Complaint with prejudice on May 12, 2020. Doc. 31.

of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### III. Analysis

Johnson claims that Disney engaged in handicap discrimination under the FCRA and disability discrimination under the ADA. The Court will analyze these claims together because "[d]isability . . . discrimination actions under the FCRA are analyzed under the same framework[] as the ADA . . . ." *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014) (citation omitted).

Under the ADA, employers cannot discriminate against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §

12112(a). ADA discrimination claims based on circumstantial evidence are analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255–56 (11th Cir. 2007) (citation omitted).

1. *Disability*

Disney argues that Johnson failed to prove she had a disability as defined by the ADA. A disability is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). Under subsection § 12102(1)(A), "some limitation of a major life activity is not enough; the limitation must be substantial." *Fikes v. Wal-Mart, Inc.*, 322 F. App'x 882, 884 (11th Cir. 2009). Disney contends that the undisputed evidence shows Johnson was not substantially limited in any life activity when she was terminated.

Johnson suffered from a neck injury and the Court assumes at summary judgment that she experiences pain and numbness in her right leg. Johnson states

that a reasonable jury could determine that she is substantially limited in her ability to stand and walk for long periods of time. However, Johnson does not provide any evidence of her limitations aside from the diagnostic imaging of her neck.[3] At most, Johnson states in her affidavit that she experienced pain and numbness when she worked at Once Upon a Toy but provides no further details. She does not dispute that she did not need an assistive device to walk or that while on medical leave, she visited Disney's theme parks 51 times. Doc. 37-14 at 62:5–23; Doc. 37-8. She admits that each visit averaged six to eight hours and she would sometimes stand in line for up to an hour.[4] Doc. 37-14 at 56:13–24; 68:8–12. This admission plainly contradicts the restriction set out in the Physician's Certification for Employee Accommodations Form she submitted to Disney when seeking an accommodation.

These undisputed facts completely undermine Johnson's vague statements of her limitations and no reasonable jury could determine that she was substantially limited in her ability to stand and walk.[5] *See Fikes*, 322 F. App'x at

---

[3] The Court notes that Johnson's response contains no counterstatement of facts and does not dispute any aspect of Disney's statement of facts.

[4] Indeed, Johnson completely fails to address the theme park visits in her Response in Opposition.

[5] Johnson does not present any argument that she has a disability as defined under 42 U.S.C. § 12102(1)(B) or § 12102(1)(C).

884 (plaintiff could not establish disability with vague allegations of limitations when evidence showed plaintiff performing heavy manual labor). Given the total lack of evidence and insufficient argument on the central issue of Johnson's disabled status, this appears to be nothing more than a borderline frivolous claim of disability discrimination by Johnson against her former employer. Therefore, Disney is entitled to summary judgment on this basis alone.

2. *Qualified Individual*

Even if Johnson could establish that she was disabled as defined by the ADA, she fails to establish that she was a qualified individual. A qualified individual is someone who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Accordingly, an ADA plaintiff must show either that he can perform the essential functions of his job without accommodation, or, failing that, . . . that he can perform the essential functions of his job with a reasonable accommodation." *Holly*, 492 F.3d at 1256 (simplified). "An accommodation is 'reasonable' and necessary under the ADA, in turn, only if it enables the employee to perform the essential functions of the job." *Id.*

Johnson tacitly concedes that she was not qualified for her position at Once Upon a Toy. She does not contend that she could perform the job under her submitted restrictions and she does not offer any accommodation which would

have enabled her to perform the job. Instead she argues that she was entitled to reassignment to a job that conformed to her restrictions as a reasonable accommodation. "When an employee seeks reassignment as a reasonable accommodation for a disability, the relevant question when deciding whether she is a qualified individual is not whether the employee is qualified for her current position, but whether she is qualified for the new job." *EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1344 (11th Cir. 2016). Johnson argues that Disney failed to reasonably accommodate her because it did not reassign her to one of two positions: a "Personalization Artist" and a "Cast Member Wardrobe position."

Disney explains that under its collective bargaining agreement (CBA), a Personalization Artist is a seasonal position unavailable to "Cast Members," like Johnson. Doc. 42-4 ¶ 9 ("Ms. Johnson was covered by the [CBA] between [Disney] and The Service Trades Council Union. Cast Members covered by this CBA cannot be recast to seasonal positions."). It is well-settled in the Eleventh Circuit that "employers are only required to provide 'alternative employment opportunities reasonably available under the employer's existing policies.'" *St. Joseph's Hosp.*, 842 F.3d at 1345 (quoting *Terrell v. USAir*, 132 F.3d 621, 627 (11th Cir. 1998)). Johnson presents no evidence to refute Disney's claim that this policy precluded her transfer. Therefore, it is undisputed that Johnson was not qualified for reassignment to the Personalization Artist position.

Johnson contends that she was also qualified for the Cast Member Wardrobe position. Contrary to her contention, however, the Cast Member Wardrobe position was one of the jobs that Disney vetted for Johnson during her medical leave.[6]  Disney determined that Johnson would not be able to carry out the job functions of the Wardrobe position with her walking and standing restrictions. Doc 37-7 at 6–7; 42-3 ¶ 7. Johnson does not address this fact, but simply states that Disney did not consider her for the job. She does not point to any evidence that indicates a Wardrobe position was open or that a Wardrobe position could, in fact, accommodate her restrictions. Nor does Johnson contend that she could have been qualified for a Wardrobe position with a reasonable accommodation. Therefore, there is no credible evidence that Johnson is a qualified individual under the ADA.

---

[6] Disney vetted eighteen positions and determined that Johnson would not be able to perform in those roles with her stated restrictions. Johnson does not dispute Disney's findings with respect to those jobs or otherwise claim that she was qualified for any of those jobs.

## IV.    Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1.   Defendant's Motion for Summary Judgment (Doc. 37) is **GRANTED**.

2.   The Clerk is directed to enter judgment for the Defendant and close the

     file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 21, 2021.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party